AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
### for the
### Western District of North Carolina

| | | |
|---|---|---|
| Matthew E. Orso | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:14-cv-00091-GCM |
| Todd Disner et al | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* __08/14/2017__

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: __10/28/2020__

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,<br><br>Plaintiff,<br><br>vs.<br><br>TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;<br><br>Defendants. | FILED<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br>02/04/2021<br>JEFFREY P. COLWELL, CLERK<br><br>No. 3:14-cv-91<br><br>Certified to be a true and correct copy of the original<br>U.S. District Court<br>Frank G. Johns, Clerk<br>Western District of N.C.<br>By: [signature]<br>Deputy Clerk<br>Date 10/28/2020 |

## FINAL JUDGMENT

In accordance with the Court's Order Granting Entry of Final Judgment Against Certain Net Winner Class Members, Final Judgment is hereby entered against each of the class members listed on the following single page attachments in the amounts listed therein, which are comprised of net winnings from the ZeekRewards scheme and prejudgment interest, calculated at the North Carolina statutory rate of 8% per annum from August 17, 2012, which is on or after the date of the last fraudulent transfer payment on which liability is based, to November 29, 2016, the date of the Summary Judgment Order in this action. See N.C. Gen. Stat. § 24-4, 5 (2001); Doc. #142. An

index of the individual class members and the amount of the Judgments against them is also attached.

Post-judgment interest shall accrue on the entire Final Judgment, including the award of prejudgment interest, at the rate specified under 28 U.S.C. § 1961 from the date of entry of this Judgment until paid in full.

The Court confirms each amount listed in the attachments is the Final Judgment of the Court against each respective Defendant and hereby authorizes the Receiver to pursue appropriate collection proceedings.

SO ORDERED.

Signed: August 14, 2017

*[signature]*

Graham C. Mullen
United States District Judge

## BELL v. DISNER, Case No. 3:14-cv-91

## FINAL JUDGMENT

In accordance with the Court's Order Granting Entry of Final Judgment Against Certain Net Winner Class Members, Final Judgment is hereby entered against Defendant **SEYOON KIM** in the amount of $79,051.78 which is comprised of $58,864.24 in net winnings from the ZeekRewards scheme and $20,187.54 in prejudgment interest. Post-judgment interest shall accrue on the total amount of this Judgment, including prejudgment interest, at the rate specified under 28 U.S.C. § 1961 from the date of entry of this Judgment until paid in full.

Certified to be a true and
correct copy of the original
U.S. District Court
Frank G. Johns, Clerk
Western District of N.C.
By: [signature]
Deputy Clerk
Date 10/28/2020

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MATTHEW E. ORSO, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com, <br><br> Plaintiff, <br><br> vs. <br><br> TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM; <br><br> Defendants. | No. 3:14-cv-91 |

## ASSIGNMENT OF JUDGMENT

This ASSIGNMENT OF JUDGMENT (this "Assignment") is made as of the 16th day of December, 2019, by Matthew E. Orso, solely in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com, ("Assignor") to Nationwide Judgment Recovery, Inc. (as the designee of Big Sky Research Bureau, Inc., the "Assignee") pursuant to, and in furtherance of, the arrangements provided for and in that certain Purchase Agreement by and between Assignor and Assignee, dated as of May 30, 2019, as amended (collectively, the "Agreement").

NOW THEREFORE, based on the foregoing and for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby sells, transfers and assigns to Assignee, in respect of the above captioned proceedings, all rights and interests of Assignor in and to those certain Judgments entered in the above referenced action at docket number 179, including each of the individual judgments referenced on docket number 179-2, without recourse, representation or warranty, except as provided for in the Agreement.

THE SALES, TRANSFERS AND ASSIGNMENTS PROVIDED FOR HEREIN ARE EXPRESSLY SUBJECT, IN ALL RESPECTS, TO THE TERMS AND PROVISIONS OF THE AGREEMENT, WHICH ARE INCORPORATED HEREIN BY THIS REFERENCE.

This Assignment shall be governed by, and construed in accordance with, the laws of the State of North Carolina.

IN WITNESS WHEREOF, Assignor has executed this Assignment effective as of December 16, 2019.

Assignor:

_____

Matthew E. Orso, not individually, but solely in his capacity as court-appointed Receiver for Rex Venture Group, LLC dba ZeekRewards.com and its Estate

STATE OF North Carolina
COUNTY OF Mecklenburg

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document:

Matthew E. Orso.
(name(s) of principal(s))

Date: December 16, 2019

_____
Notary Public
Print Name: Joan C. Bartley
My commission expires: April 28, 2022

[Notary Seal: Joan C. Bartley, Notary Public, Mecklenburg County, NC, My Commission Expires Apr. 28, 2022]

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** ) ) ) | |
| **Plaintiff,** ) ) ) | |
| vs. ) ) | **Civil Action** |
| **REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS,** ) ) ) ) | **No. 3:12-CV-519** |
| **Defendants.** ) ) ) | |

**AMENDED RECEIVERSHIP ORDER
APPOINTING SUCCESSOR RECEIVER**

**WHEREAS** Plaintiff Securities and Exchange Commission ("the SEC" or "the Commission") filed the Complaint in this matter, asked the Court to freeze the assets of Defendant Rex Venture Group, LLC d/b/a ZeekRewards.com, any of its subsidiaries, whether incorporated or unincorporated, and any businesses or business names under which it did business (the "Receivership Defendant"), and sought the appointment of a temporary receiver in this action for and over the estate of the Receivership Defendant and all entities it controlled or in which it had an ownership interest, including but not limited to all subsidiaries, partnerships and related or affiliated unincorporated entities, business lines or businesses operated via internet websites, for the purposes of marshaling and preserving all assets of the Receivership Defendant ("Receivership Assets"):  (a) held or possessed by Receivership Defendant; (b) held in constructive trust for the Receivership Defendant; and (c) fraudulently transferred by the

Receivership Defendant, as stated in the Agreed Order Appointing Temporary Receiver and Freezing Assets of Defendant Rex Venture Group, LLC, dated August 17, 2012 (Docket No. 4, ¶¶1-3, the "Receivership Order"); and

**WHEREAS** the Court appointed as the receiver Kenneth Bell, Esq. ("Mr. Bell" or "the Receiver"); and

**WHEREAS** this matter comes before this Court upon the Receiver's motion to appoint a successor receiver in the above-captioned action;

**WHEREAS** the Court finds that, based on the record in these proceedings, including submissions by the Receiver and the Commission, the appointment of a temporary successor receiver in this action over the Receivership Defendant is necessary and appropriate for the purposes of continuing to marshal and preserve all assets of the Receivership Defendant ("Receivership Assets") and those assets: (a) held or possessed by Receivership Defendant; (b) held in constructive trust for the Receivership Defendant; and (c) fraudulently transferred by the Receivership Defendant; and

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Receivership Defendant, and venue properly lies in this District.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pending further Order of this Court, Matthew E. Orso is hereby appointed to serve without bond as temporary successor receiver in this action (hereinafter, the "Successor Receiver"), effective upon the date of and in the event of, the confirmation of Kenneth D. Bell as a United States District Judge, for and over the Receivership Defendant, as previously defined in the Receivership Order, which is incorporated herein by reference, and including without

limitation all Receivership Assets, outstanding judgments, claims, and potential recoveries by the Receivership Estate.

2. Except as expressly stated herein, the terms and provisions of the Receivership Order shall remain in effect.

## Scope of Receivership

3. The Receiver, in consultation with counsel for the Commission, has identified outstanding litigation matters and tasks required in the ordinary course of the administration and operation of the Receivership through final distribution and termination of the Receivership.

4. The Successor Receiver, in consultation with counsel for the Commission, will work to resolve or, if necessary, litigate the matters listed below:

- Net Winner Class - Fourth Circuit Appeal of class certification;
- Resolve outstanding Net Winner judgments;
    - Summary judgment re: U.S. Net Winners disputing amounts owed;
    - Special Master proceedings re: U.S. Net Winners disputing amounts owed;
    - Foreign Net Winner Recovery; and
- VictoriaBank/Payza litigation.

The Successor Receiver will consult with counsel for the Commission and obtain Court authorization before initiating any other litigation, entering into any settlement, or otherwise resolving or compromising any outstanding judgment, claim, or potential recovery.

## Retained Personnel

5. The Receiver retained, and the Successor Receiver is authorized to continue to retain, the following persons and entities ("Retained Personnel") to assist in carrying out the duties and responsibilities described in the Receivership Order and this Amended Receivership

Order:

- Kroll:
    - Data hosting;
- FTI:
    - Litigation support;
    - Distribution reserve analysis;
    - Distribution check reissuance; and
    - Support distribution of checks and wires for final distribution;
- Wells Fargo:
    - Issue checks and wires for final distribution.

The Successor Receiver shall consult with counsel for the Commission and obtain Court approval before retaining any other person or entity to assist in carrying out the duties and responsibilities described in the Receivership Order and this Amended Receivership Order.

### Preparation of Budgets

6.  The Receiver, in consultation with counsel for the Commission, has prepared a detailed budget for the outstanding litigation matters described hereinabove and tasks required in the ordinary course of the administration and operation of the Receivership through final distribution and termination of the Receivership.  The Successor Receiver shall update this budget on a regular basis to reflect current expenditures and any substantive developments as each remaining matter or task progresses.

### Limitations on Fees and Expenses

7.  Absent consultation with counsel for the Commission and authorization of the Court, the Successor Receiver shall not incur, expend, or seek payment outside the scope identified hereinabove, and shall not incur, expend, or seek payment for more than:  (1) a total of

$350,000 in fees and expenses of the Successor Receiver and the Successor Receiver's counsel; and (2) an additional $350,000 in fees and expenses incurred for Retained Personnel to undertake the tasks identified hereinabove, through final distribution and termination of the Receivership.

### Fee Applications

8. As per the Receivership Order:

- The Successor Receiver, the Successor Receiver's counsel, and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate subject to the requirements described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions"), as expressly agreed to by the Receiver and Successor Receiver. All such compensation shall require prior approval of the Court;

- All Quarterly Fee Applications are interim and will be subject to cost benefit and final review at the close of the Receivership. At the close of the Receivership, the Successor Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver and the Successor Receiver during the course of the Receivership;

- Quarterly Fee Applications will be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the Receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the Receivership;

- The Successor Receiver shall expressly consult with counsel for the Commission and obtain Court approval before applying any proposed rate increase in any Quarterly Fee Application, whether for the Successor Receiver, the Successor Receiver's counsel, or Retained Personnel, and any proposed rate increase shall be expressly disclosed to the Court and shall be subject to Court approval;

- Each Quarterly Fee Application shall:

    o Comply with the terms of the Billing Instructions agreed to by the Receiver and the Successor Receiver; and

    o Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Successor Receiver has not entered into any agreement, written or oral, express or implied, with any

- person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof; and

- At the close of the Receivership, the Successor Receiver shall submit a Final Accounting, in a format to be provided by the Commission's staff, as well as the Successor Receiver's final application for compensation and expense reimbursement.

## Final Liquidation and Distribution Plan

9. The Successor Receiver is authorized, empowered and directed to develop, in consultation with counsel for the Commission, an updated plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property and a final distribution to injured investors (the "Final Liquidation and Distribution Plan").

10. Within one hundred eighty (180) days of the entry date of the Fourth Circuit's order on the Net Winner class certification appeal, the Successor Receiver shall file a preliminary Final Liquidation and Distribution Plan, including a recommendation of further steps to effect the orderly resolution of this matter, the efficient recovery, management and liquidation of remaining Receivership property, and a final distribution to injured investors.

11. Within two hundred seventy (270) days of the entry date of the Fourth Circuit's order on the Net Winner class certification appeal, the Successor Receiver shall file the Final Liquidation and Distribution Plan in the above-captioned action, unless this Receivership is terminated sooner upon order of this Court.

**IT IS SO ORDERED.**

Signed: May 20, 2019

Graham C. Mullen
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　Plaintiff,<br><br>vs.<br><br>REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS,<br><br>　　　Defendants. | Civil Action No. 3:12-CV-519 |

## ORDER GRANTING RECEIVER'S MOTION TO APPROVE THE SALE OF CERTAIN NET WINNERS JUDGMENTS

This matter is before the Court on the Receiver's Motion to Approve the Sale of Certain Net Winners Judgments (the "Motion"). (Doc. No. 752). The Motion asks the Court to approve the sale of certain judgments obtained in Civil Action Number 3:14-cv-91 (the "Judgments") and approve the Purchase Agreement attached as Exhibit A to the Motion.

After reviewing and considering the Motion, and for good cause shown, the Motion is hereby GRANTED.

IT IS HEREBY FOUND AND ORDERED AS FOLLOWS:

1. The Notice of Receiver's Motion to Approve the Sale of Certain Net Winners Judgment attached to the Motion as Exhibit B (the "Notice") is hereby approved and constitutes good and sufficient Notice for the relief sought in the Motion.

2. The Receiver has shown good cause and reason exists to sell the Judgments.

3. The Receiver's marketing and solicitation of the Judgments was done in good faith and was sufficient for the Court to approve the sale and Purchase Agreement.

4. The Receiver has shown good cause to sell the Judgments by private sale, and to waive the auction and notice requirements contained in 28 U.S.C. § 2001(b).

5. The negotiation of the Purchase Agreement was an arm's length transaction, and the Receiver acted at all times in good faith for the best interest of the RVG Estate.

6. The Receiver's request to sell the Judgments and enter into the Purchase Agreement is in the best interest of the RVG Estate. The Receiver may enter into the Purchase Agreement attached to his Motion as Exhibit A and sell the Judgments to the Buyer according to the terms contained therein.

7. This Court shall retain jurisdiction to hear and determine all matters arising from this Order.

Signed: July 30, 2019

*[signature]*

Graham C. Mullen
United States District Judge

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Nationwide Judgment Recovery, LLC

**DEFENDANTS**
Seydon Kim (a member of the Defendant Class of Net Winners in ZeekRewards.com); Todd Disner, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Adams County, CO
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert C. Newark, III, 2500 S. Broadway, Ste 128, Edmond, OK  Telephone: (866)230-7236; Facsimile: (888)316-3398; Email: office@newarkfirm.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1. U.S. Government Plaintiff
[ ] 3 Federal Question  *(U.S. Government Not a Party)*
[ ] 2 U.S. Government Defendant
[ ] 4 Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | | [ ] 864 SSID Title XVI | [X] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1963
Brief description of cause:
Registration of Judgment from Another District (U.S.D.C. Western District of Texas) (No. 3:14-cv-91)

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 01/25/2021
SIGNATURE OF ATTORNEY OF RECORD: /s/Robert C. Newark, III

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.